tiff, that the defendant, having joined issue in this cause, and taken out a commission to examine his witnesses, had thereby submitted to the jurisdiction of this court, and that it was now too late for him to allege any want of jurisdiction here, or that the cause was properly cognizable only in the tribunals of *France*. If the contract has been annulled in that country, that might be a matter of defence to be urged on the trial. If it has not been annulled, which was said to be the fact, there could be no possible reason for this court to depart from the ordinary rules of practice for the purpose of staying the proceedings.

*Per Curiam.* The reasons alleged on the part of the defendant are not sufficient to induce us to stay the proceedings in this cause. The affidavit merely states the *belief* of the defendant's counsel, that the return of the commission is delayed by the arts of the plaintiff; it states no information or facts on which that belief is founded. It is too uncertain, therefore, to furnish a ground for the interposition of this court. The plaintiff must have leave to proceed to trial, notwithstanding the commission is still out, since it has not been returned within the time allowed by the rules of the court, and no sufficient cause is shown for its delay.

*Rule granted.*

## [*] Smith *against* Pinolla.

If a portuguese be held to bail in this country, at the suit of a creditor residing in Madeira, on a contract made in Madeira, a colony of Portugal, and subject to its

JOHNSON, in behalf of the defendant, moved that an *exoneretur* should be entered on the bail-piece, filed in this cause. He read affidavits stating that the plaintiff was a resident of the island of *Madeira*, and that the transactions which had given rise to the present suit, took place in that island; that both parties are subjects of *Portugal*; that by the laws of that kingdom which extended to the island of *Madeira*, and were in force there, the body of a debtor could not be arrested or imprisoned by

the creditor, either before or after judgment ; that the only remedy was against the property, and not against the person of the debtor ; that the defendant had two unincumbered estates in the island of *Madeira*, the annual income or produce of which, on an average, amounted to eight hundred dollars per annum, and which it was in the power of the plaintiff to receive.

He contended, that if by the laws of *Portugal*, the person of the defendant would not have been liable to arrest there, both parties being subjects of that kingdom, his person ought not to be made liable here. It was the same as if there had been an express stipulation to that effect ; for the court will take notice of the laws of the country where the contract is made, and the obligation created, when regularly brought before them, as in the present case, by affidavits of public agents and respectable persons of that country. In the case of *Melan* v. *The Duke de Fitzjames*,* it was so decided, and Chief Justice *Eyre* observed, that what would be a defence in *France* against a contract made there, would be a defence in *England :* that if the laws of *France* authorised no proceedings against the person of the debtor, there could be none against his person in *England*, and the bail-bond was ordered to be cancelled. In the case of *Talleyrand* v. *Boulanger*,† the Lord Chancellor declared, that he [*]had no doubt that a court of common law would, upon such grounds, discharge a defendant on common bail. He considered it as contrary to all the principles which guide the courts of one country in deciding upon contracts made in another, to give greater effect to the contract than it would have by the laws of the country where it was made. In respect to the arrest of the person, the laws of *France* appear to be the same as those of *Portugal*, and they were proved in the case of *Melan* v. *The Duke of Fitzjames*, by affidavit. The *lex loci*, is to govern in the expounding and *enforcing* of contracts.* The contract between these parties having been made in a

Vol. II.                    D d

ALBANY,
Feb. 1807.

Smith
v.
Spinolla.

laws, the court will not discharge him on his entering a common appearance, or order an exoneretur to be entered on the bail piece, though it be shown that by the laws of Portugal, the body of the debtor could not be arrested, either before or after judgment, & that his property alone was liable.

* 1 *Bos.* and *Pul.* 139.

† 3 *Vesey, jun.* 447.

[* 199]

*1 *Blackst. Rep.*258. *Robinson* v. *Bland.*

Portuguese colony, subject to the laws of *Portugal*, it ought to be considered as the understanding and agreement between them, that the property only of the debtor should be liable. It is unnecessary to mention the extreme inconvenience, and oppression which a foreigner, who comes to this country for a temporary purpose, may suffer from a creditor he may have left behind, if the court refuse to relieve from arrest; when by the laws of his own country, his person could not be molested.

*Boyd*, contra. The principle laid down by this court in the cases of *Lodge* v. *Phelps*, *Page* v. *Cable*, and *Nash* v. *Tupper*,† it is conclusive against this application. It was determined in those cases, that the *lex loci* applied to the nature and construction of contracts, not to the mode of enforcing them; and that where an action is brought in this state, the *remedy* is to be pursued according to the forms established by our laws. The case of *Melan* v. *The Duke of Fitzjames* is not now considered as law.‡ That was a motion to have the bail-bond cancelled; in the present case special bail has been put in, and a commission has been actually taken out by the defendant to examine witnesses in *Madeira*. The defendant, may, therefore, be considered as having submitted to the laws of this state, in relation to arrest and bail. It does not [*] appear whether the defendant came here with a view to a temporary, or a permanent residence; and the inconvenience he may be put to, is a necessary consequence of his voluntarily leaving his own country without paying his debts, and cannot affect the general principle which is to govern this court in all cases.

*Per Curiam.* In the case of *Nash* v. *Tupper*, it was laid down as a general principle that the *lex loci* applies only to the interpretation of contracts, and that the remedy on them must be prosecuted according to the laws of the country in which the action is brought. The decision of the court of *C. B.* in the case of *Melan* v. *The Duke de Fitzjames* was questioned by Lord *Ellenborough*,

† 1 *Caines*, 402.

‡ 2 *East*, 455.

[* 200]

in the case of *Imlay* v. *Ellefsen*,* who considered the opinion of Mr. Justice *Heath* as the law, and the contrary doctrine was abandoned by the counsel. We adopt the principle contended for by *Heath*. If a foreign creditor pursues his debtor here, he is entitled to the more efficacious remedy provided by our laws, for the recovery of debts.