## FITZPATRICK'S ADM'R v. HARRIS.

1. Where the vendee of land pays to the vendor the purchase money, or a part of it, and receives of the latter a deed of conveyance, the deed, in a controversy between the parties, is admissible to show the amount of the purchase money.

2. Where a party presents an account to his debtor, in which are stated both *debits* and *credits*,he shall not claim the benefit of the former without submitting to the latter also.

Writ of Error to the Orphans' Court of Montgomery.

This was a proceeding before the Orphans' Court, for the settlement of the estate of Joseph Fitzpatrick, deceased, which had been reported insolvent by the plaintiff in error, its administrator. The defendant in error, as a creditor of that estate, preferred a claim against the same, the correctness of which, and the amount thereof, were submitted to a jury for decision. On the trial of the issue, the plaintiff in error excepted to the ruling of the Court. From the bill of exceptions it appears, that the creditor introduced a witness, who stated that he was present at a sale of land made by George Whitman to the intestate and the creditor, that he saw some money paid by the latter, but could not say how much; he saw nothing paid by the intestate, nor could he say what was the amount of the purchase money of the land. Witness was requested to attest the execution of the deed of conveyance from Whitman to the intestate and creditor, and saw it delivered to them, as both were present, and believes the deed exhibited at the trial to be the same. Thereupon the creditor offered to read to the jury, the recital in the deed which acknowledged the receipt, by the grantor, of four hundred dollars, in order to show the amount actually paid by the creditor for the land. To this the defendant objected, but the objection was overruled, and the testimony read to the jury.

The creditor then exhibited an account marked **A**, and offered evidence tending to prove some of its items, but adduced no proof of its presentment, either to the administrator, or to the

clerk of the Orphans' Court. The creditor then read to the jury, an account marked B, and proved that he presented the same to the administrator, in February, 1842, but offered no evidence of its correctness, and stated that he did not seek to recover thereon; that it was intended, in connection with other evidence, to show that the items charged in the account A, had been presented to the administrator, within eighteen months from the grant of letters of administration. Upon the introduction of the account B, the administrator informed the creditor, that he should claim the credits therein stated. The debits in A, were $6,549 22, and the credits $1,570; the debits in B, were $9,827 74, and the credits $2,810 32. The items of which A was made up were all embraced by B.

The administrator prayed the Court to charge the jury, that as the creditor offered in evidence the accounts A and B, his disavowal of a wish to recover on the latter, and declaration, that in connection with other proof, it was intended to show a presentment of the demands stated in the former, to the administrator, did not prevent the administrator from availing himself of the credits stated in B; and further, the creditor cannot claim the debits shown therein. This charge the Court refused to give, and charged the jury, that if the administrator sought to avail himself of the credits in the latter account, then the same would be evidence both as to charges and credits.

The jury returned a verdict for the creditor, for five thousand two hundred and one 36-100 dollars, and a judgment was rendered that he recover his *pro rata* dividend thereof, when the same shall be ascertained by the Court.

A. MARTIN, for plaintiff in error, made these points: 1. The deed from Whitman to Fitzpatrick and Harris, was admissible to aid the latter to fix a charge upon the estate of the former. [Saunders v. Hendrix, 5 Ala. Rep. 227.] 2. The administrator might avail himself of the credits in account B, without subjecting the intestate's estate to the charges made therein against it.

I. W. HAYNE, for the defendant in error, argued, that the payment of the money by Harris, when the intestate was present, the delivery of the deed to both of them, &c. made the recital

as to the price paid for the land, evidence of that fact. But if it had been improperly received, then he proposed to abate from the recovery in the Orphans' Court, the amount of this item in Harris' account. He insisted that the principle was well settled, that the debtor cannot avail himself of the credits stated in the account of his creditor, without admitting the charges against him as evidence.

COLLIER, C. J.—Ia Saunders v. Hendrix, 5, Ala. Rep. 224, it was held, that an acknowledgement in a deed, of the amount paid as the consideration of the conveyance of land, was in legal effect a mere receipt, and as much open to explanation as if indorsed on the back of the deed. So in Mead v. Steger, 5 Porter's Rep. 498, we determined, that where a monied consideration is expressed in a deed, it is allowable to show the consideration to have been greater or less than that stated; for the reason that it is not usual to state it with precision. The principle deducible from these cases, does not deny the admissibility of a deed, to show the consideration paid by the grantor to the grantee, it merely affirms its inconclusiveness as evidence. That it would be competent in the present case, as against Whitman, to show the amount which the purchasers paid him, if an action were brought for breach of warranty, we apprehend would not be disputed; although it would be allowable for the vendor to prove that it did not recite the consideration truly. And we think it good evidence against the vendees, not only in favor of the vendor, but as between themselves, upon the ground that they were both present when it was executed, and received it, without any objection to the correctness. This conclusion, we think, results from the familiar rule, that silence on the part of one, when a fact is affirmed, which is calculated to elicit a denial, if untrue, shall be construed into an implied and virtual admission. [Batturs v. Sellers, 5 H. & Johns. Rep. 119; Coe v. Hutton, 1 Sergt. & R. Rep. 398; Hendrickson, Adm'r, v. Miller, 1 Const. Rep. 296; Vincent v. Huff's lessee, 8 Sergt. & R. Rep. 381; Wells v. Drayton, 1 Const. Ct. Rep. 111.] See the cases collected on this point in Cowan & Hill's Notes to Phillips' Evidence, 2 vol., 191 to 199, 213.

We place our conclusion on this point upon the ground, that the vendor and vendees were all present when the money was

paid and the deed delivered, and the fair inference is, that it was read to, or by them all, so that all were informed of its contents, and if untrue in any recital, would most probably have so stated. This doctrine as to implied or virtual admissions, we are aware, has been denied with regard to statements in writing, other than accounts; that is, where those statements are not subjects of conversation between the parties, or not delivered in person, but are sent from one to the other at a distance. [2 C & H.'s Notes, 2 Phil. Ev. 195.]

In respect to the refusal to instruct the jury as prayed, as also in the charge given, we think the Court ruled correctly. It is a rule of unquestionable authority, that where a party presents an account to his debtor, in which are stated both *debits* and *credits*, the latter shall not claim the benefit of the credits, without also submitting to the debits. The Court merely affirmed such to be the law. [2 C. & H.'s Notes to Phil. Ev. 227 to 230.]

The order of the Orphans' Court is therefore affirmed.