# Lee *v.* Browder.

### *Bill in Equity to establish Resulting Trust in Lands.*

. *When equity will declare resulting trust in lands, in favor of person advancing purchase-money.* — The principle is well settled, that a resulting trust in lands, in favor of the person by whom the purchase-money was advanced, may be established by parol evidence ; but the evidence must be full, clear, and convincing. In this case, the verbal declarations of the father, in whom the legal title was vested, as made to one witness, both before and after the purchase, were held insufficient to establish a trust in favor of his son ; there being an unexplained discrepancy between the amount of the purchase-money paid, as recited in the deed, and that alleged to have been advanced by the son ; the person by whom the money was alleged to have been sent not being examined as a witness, and there being no knowledge of the trust, or other confirmatory proof, among the members of the family.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. ADAM C. FELDER.

The bill in this case was filed by Martin H. Browder against William H. Lee, and sought to establish a resulting trust in certain lands, of which the complainant was in possession, and to enjoin an action at law which the defendant had instituted to recover them. The legal title to the lands was taken in the name of Hardy Browder, since deceased, who was the complainant's father. After his death, the lands were sold by his administrator, under an order of the probate court, and were bought at that sale by the defendant, who had notice of the claim asserted by the complainant. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant ; and his decree is now assigned as error.

[Lee v. Browder.]

J. D. GARDNER, for appellant.

F. M. WOOD, *contra.*

BRICKELL, J. —The allegations of the complainant's bill, on which the right to relief depends, are, that he sent his father the money with which to purchase the lands in controversy; and that the purchase was made for him, with the money so furnished, but the conveyance of title was made to the father alone. The transaction thus alleged, if properly proved, creates a resulting trust. The authorities are uniform, and have definitively settled, that the trust of the legal estate, whether it is of freehold or of leasehold, results to him who advances the purchase-money, without regard to the person in whose name title is taken. It is said by Judge STORY, that the principle " has its origin in the natural presumption, in the absence of all rebutting circumstances, that he who supplies the money, means the purchase for his own benefit, rather than for that of another; and that the conveyance in the name of the latter is a matter of convenience and arrangement between the parties for some collateral purpose." 2 Story's Eq. § 1201. The trust arises by operation, or implication of law, and may be proved by parol, without offending the statute of frauds, which extends to and embraces only trusts created or declared by the parties. In modern times it has become usual, by express enactment, to except such trusts from the statute of frauds. The exception is regarded as merely affirmatory of the existing law, not as creating a saving of the trust from being cut off, or destroyed by the statute. *Hoxie* v. *Carr*, 1 Sumner, 173. The admission of such evidence is not deemed an infringement of the rule, applicable alike at law and in equity, that by parol a written instrument shall not be contradicted, varied, or altered. The evidence is limited to the ascertainment of what the writing would have expressed, if it had conformed to the real intention of the parties, but which, because of confidence reposed, or of accident, mistake, or of fraud, it does not express. On the instrument the parol evidence engrafts the terms or trusts, to which it was subject by the intention of the parties when it was made.

The admission of parol evidence for such purposes has been a matter of regret, and it has been often said to be " one of the mistakes of a court of equity." The evidence usually offered consists of the verbal declarations or admissions of the party to be charged with the trust. The facility with which these may be fabricated, and the difficulty of detecting and exposing the fabrication; and, when declarations or admissions have been made, and there is an effort fairly to repeat them, they

are liable to such imperfections and mistakes, either from the party not expressing himself clearly and accurately, or from the witness not correctly understanding him, that they are received with the greatest caution. If the evidence does not consist of such declarations, the courts have felt there was great danger in not permitting the writing to remain the sole memorial and expositor of the transaction to which it refers. With no purpose to narrow the use of the evidence, but to prevent it from working injustice, it has long been settled by judicial decisions, that to raise a trust, not expressed in the writing, it must be full, clear, and convincing. If it is attended by doubt and uncertainty, the writing must remain the highest and best evidence. *Larkins* v. *Rhodes*, 5 Port. 195; *Garrett* v. *Garrett*, 29 Ala. 439; *Dyer* v. *Dyer*, 1 Lead. Cases, 200; Perry on Trusts, § 137.

Applying this rule to the evidence found in the record, we are constrained to declare it insufficient to establish the trust which the complainant alleges. The allegation of the bill is, that one hundred and sixty dollars was the sum furnished by the complainant for the purchase of the lands. The deed taken by his father recites two hundred dollars as its consideration. This recital is *primâ facie* evidence of the amount of the purchase-money. *Fitzpatrick* v. *Harris*, 8 Ala. 32. There is neither averment, nor proof, that it does not truly express the consideration. Neither by averment or proof does the complainant limit his right of recovery to the amount of the purchase-money advanced or furnished by him. His claim is, that he furnished the whole purchase-money, the amount of which is specified; while the proof is, that the purchase-money exceeded the sum he avers he advanced. This is a circumstance of which some explanation must be afforded. If the complainant advanced only a part of the purchase-money, and it was advanced as an aliquot share or part, a trust to the extent of such advancement would be raised in his favor. But this is not the ground on which he bases his right to relief. He claims the entire legal estate, averring that he in fact paid the whole purchase-money. The sum he alleges he paid was not the entire purchase-money. In this aspect, there would possibly be such a variance between the pleadings and evidence, as would prove fatal to the right to relief. We do not rest our decision on that ground, as the defect would have been amendable in the chancery court. The discrepancy is a strong circumstance, militating against the right of complainant to any relief. No explanation of it has been attempted, and it is fair to presume none could have been successfully made. Unexplained facts of this character are always taken strongly against the party seeking to engraft on a conveyance in writing a

[Lee v. Browder.]

trust it does not declare. If the purchase-money of the land was one hundred and sixty dollars, as alleged by complainant, and not two hundred dollars, as recited in the conveyance, the proof of it seems to have been easily obtainable. The draughtsman of the deed, and the subscribing witnesses, are examined, and they not only fail to prove any fact or circumstance tending to support the trust claimed, but they are not even examined as to the amount of the purchase-money. There are several grantors of the deed, but no one of these is examined, though they must have known the precise amount paid for the lands. The unexplained, uncontradicted fact is, that the complainant claims the entire legal estate, because he advanced the money with which it was purchased, when the proof is that the purchase-money paid exceeds the amount he avers he advanced.

The allegation is, that the complainant sent the money to his father by a third person, who is named. This person is not examined, and no reason is given for the omission. The material evidence favorable to the claim of the complainant, consists of the verbal declarations of his father, made prior and subsequent to the purchase, to one witness, and proved by him only. These declarations are inconsistent with the allegations of the bill, and with the evidence of the consideration recited in the deed. They are inconsistent with other declarations of the father, as precisely proved. The fact of complainant's possession of the land is more easily reconcilable with all the evidence, on the supposition that he occupied by the sufferance of his father, than that he was holding in his own right. Immediately on the purchase of the lands, the father put one of his daughters in possession, and she remained in possession for near or quite three years. She never heard any declaration or intimation from her father that he had purchased the lands for the complainant. True, the complainant was absent while she was in possession, and soon after his return passed into the occupancy of the land. But it appears the father had rather a habit of permitting his children to occupy for a time parts of his lands, and that they often changed from one parcel to another. The complainant was unmarried, living with his father, when the purchase of the land was made. He had brothers and sisters living near to and in intercourse with his father; no one of these appears to have ever heard any declaration or admission from the father, having the slightest tendency to prove that the land was purchased for the complainant, or with his money. We cannot regard the complainant's right to relief, as established by that clear and convincing measure of proof, wisely demanded by the law, to create a trust of a legal estate in lands not declared in writing.

The chancellor erred in decreeing complainant relief; and

his decree is reversed and a decree here rendered, dissolving the injunction heretofore granted, and dismissing the complainant's bill; and he must pay the costs of the court of chancery, and of this court.