[Loventhal & Son v. Morris.]

# Loventhal & Son v. Morris.

*Action on a Stated Account.*

1. *When action on stated account can not be maintained; subsequent credits.*—Where, in the course of dealings between a merchant and his customer, running through a number of years, it is shown that for every bill of merchandise purchased the merchant rendered to the customer, at the time, a statement of the account thereof, which was retained by him without objection, and payments were made on the account by said debtor at various times thereafter, the merchant can not recover a balance which may be due him on said account, in an action on a stated account, without proof that a new account, showing the balance claimed, had been stated and rendered to his debtor, and assented to by him, either expressly or impliedly. (HEAD, J., dissenting.)

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. H. C. SPEAKE.

This was an action by the appellants, B. S. Loventhal & Son, against the appellee, Hassie L. Morris, upon a stated account, and was commenced May 17, 1892. Issue was joined upon the plea of the general issue, and upon the special pleas of the statute of limitations of three years, and the statute of limitations of six years. On the trial of the case, as is shown by the bill of exceptions, the plaintiffs introduced in evidence the following statement of their account with the said defendant, which was verified by the affidavit of B. S. Loventhal :

"Mr. H. L. Morris,

In account with B. S. Loventhal & Son.

300 N. Market Str.

| 1886. | | | | Dr. |
|---|---|---|---|---|
| Sept. 17, | To Mdse | | .............. | $ 67.50 |
| Oct. 6, | " | " | .............. | 76.78 |
| " 7, | " | " | .............. | 28.25 |
| " 20, | " | " | .............. | 108.00 |
| " 22, | " | " | .............. | 13.85 |
| Nov. 10, | " | " | .............. | 225.72 |
| " 27, | " | " | .............. | 43.25 |
| Dec. 7, | " | " | .............. | 226.88 |
| " 8, | " | " | .............. | 7.75 |

[Loventhal & Son v. Morris.]

1887.
| Jan. 15, | " | " | . . . . . . . . . . . . . | 228.92 | |
| Feby.21, | " | " | . . . . . . . . . . . . . | 63.02 | |
| " 23, | " | " | . . . . . . . . . . . . . | 13.40 | |
| Apr. 7, | " | " | . . . . . . . . . . . . . | 21.10 | |
| " 29, | " | " | . . . . . . . . . . . . . | 60.50 | |
| June 7, | " | " | . . . . . . . . . . . . . | 65.50 | |
| Aug. 5, | " | " | . . . . . . . . . . . . . | 129.67 | |
| " 8, | " | " | . . . . . . . . . . . . . | 8.35 | |
| Nov. 15, | " | Cash | . . . . . . . . . . . . . | 24.86 | $1,413.30 |

Cr.

1886                          Amount over, $1,413.30
| Sept. 17, | By Cash | . . . . . . . . . . . . . | $ 20.00 | |
| Oct. 19, | " | " | . . . . . . . . . . . . . | 47.00 | |
| " 22, | " | " | . . . . . . . . . . . . . | 15.50 | |
| Nov. 10, | " | " | . . . . . . . . . . . . . | 160.00 | |
| " 27, | " | " | . . . . . . . . . . . . . | 125.00 | |
| Dec. 7, | " | " | . . . . . . . . . . . . . | 100.00 | |
| " 20, | " | " | . . . . . . . . . . . . . | 100.00 | |

1887.
| Jan. 14, | " | " | . . . . . . . . . . . . . | 120.00 | |
| Feby.21, | " | " | . . . . . . . . . . . . . | 110.00 | |
| Mar. 12, | " | " | . . . . . . . . . . . . . | 35.00 | |
| " 31, | " | " | . . . . . . . . . . . . . | 25.00 | |
| Apr. 8, | " | " | . . . . . . . . . . . . . | 10.80 | |
| " 29, | " | " | . . . . . . . . . . . . . | 20.00 | |
| May 27, | " | " | . . . . . . . . . . . . . | 15.00 | |
| July 6, | " | " | . . . . . . . . . . . . . | 20.00 | |
| Aug. 4, | " | " | . . . . . . . . . . . . . | 10.00 | |
| " 8, | " | " | . . . . . . . . . . . . . | 5.00 | |
| Sept. 5, | " | " | . . . . . . . . . . . . . | 25.00 | |
| Nov. 12, | " | " | . . . . . . . . . . . . . | 100.00 | |
| Dec. 9, | " | " | . . . . . . . . . . . . . | 20.00 | |
| " 23, | " | " | . . . . . . . . . . . . . | 50.00 | |

1888.
| Jan. 28, | " | " | . . . . . . . . . . . . . | 20.00 | |
| Feb. 20, | " | " | . . . . . . . . . . . . . | 20.00 | |
| Mch. 19, | " | " | . . . . . . . . . . . . . | 10.00 | |
| Apl. 5, | " | " | . . . . . . . . . . . . . | 10.00 | |
| Nov. 21, | " | " | . . . . . . . . . . . . . | 15.00 | |
| Dec. 17, | " | " | . . . . . . . . . . . . . | 50.00 | $1,258.30 |

$155.00"

B. S. Loventhal, as a witness for the plaintiffs, testified that the verified account introduced in evidence was correct, and that he, on October 25, 1887, rendered a statement of said account sued on and presented it to the defendant, and that the defendant did not dispute the correctness of the same. This witness further testified that at the date of the purchase of each bill, as shown in the stated account, he rendered to the defendant a statement of each item comprising the indebtedness, and that the defendant never made objection to any of the said statements. He further testified that the defendant visited the plaintiffs' place of business in Nashville, on August 5, 1887, and that at that time he, the witness, presented to the defendant, for payment, the account sued on, and the defendant then and there admitted the justness of the same. The defendant, as a witness in his own behalf, testified that the "plaintiffs had never rendered to him any account against him for payment, at any time or place, nor was he informed of the amount claimed of him by plaintiffs until this suit was brought." The other facts are sufficiently stated in the opinions.

Upon the introduction of all the evidence, the plaintiffs requested the following written charges: (1.) "If you believe the evidence, you must find for the plaintiffs." (2.) "If you believe from the evidence that on, to-wit, August 5th, 1887, the defendant visited the plaintiffs' place of business at Nashville, and at that time the plaintiffs presented to the defendant for payment the account here in suit, and the defendant then admitted the justness of the account, then you must find for the plaintiffs." (3.) "If the jury believe from the evidence that a bill of each article sold was furnished by plaintiffs, giving each article, and price of each article, and the amount of each bill purchased and the date of purchase, that makes it an account stated, unless the defendant objected to the bill as rendered within a reasonable time." The court refused to give each of these charges, and to each refusal the plaintiffs separately excepted. They also separately excepted to the court's giving, at the request of the defendant, each of the following written charges: (1.) "The fact that the defendant could have found out if he had tried the amount of the account does not make it a stated account." (2.)

"The amount here in suit must be found to have been admitted or recognized by the defendant before you can render a verdict against the defendant."

There was judgment for plaintiffs, and the defendant appeals.

W. T. SANDERS and J. J. TURRENTINE, for appellants.— 1. The defendant by receiving the accounts as rendered by the plaintiffs at the dates shown by the undisputed evidence in this case, and having retained the same, never having returned them, and never having made any objection to any of the items composing said accounts, thereby became bound by his silence, and his silence must be construed as acquiescence in the correctness and justness of the said accounts.—*Langdon v. Roane*, 6 Ala. 518; 7 Lawson's Rights, Remedies & Practice, § 3684, and note 4; *Ryan v. Gross*, 48 Ala. 370; *Burns v. Campbell*, 71 Ala. 271; *Hirschfelder v. Levy*, 69 Ala. 351.

2. The third charge requested by the plaintiffs was a proper charge, and should have been given to the jury.—*Ryan v. Gross*, 48 Ala. 370, and authorities cited under paragraph 1.

McCLELLAN & McCLELLAN, *contra*.—The rulings of the court on what constituted a "stated account" were free from error.—62 Amer. Dec. 81; 41 Amer. Dec. 60; 34 Amer. Rep. 435; 1 Amer. & Eng. Encyc. of Law, 110 *et seq.*; *Rice v. Schloss*, 90 Ala. 416; *Ware v. Manning*, 86 Ala. 238; *Ryan v. Gross*, 48 Ala. 370.

COLEMAN, J.—Plaintiffs, Loventhal & Son, sued the defendant upon a stated account, to recover one hundred and fifty-five dollars. The complaint contains six counts, each counting for the same amount, and all upon a stated account, averring different times at which it is alleged the account was stated between the parties, the last being the 15th day of November, 1887. The account sued upon as a stated account appears in the statement of facts, and will show for itself.

An open account is one in which some item in the contract is left open, undetermined by the parties; or where there are current dealings between the parties, and the account, because of contemplated future dealings is kept open. Whether the account consists of a single item, or

many items, if the terms of the contract have not been adjusted, and agreed upon the demand is an open account.—*Battle v. Reid*, 68 Ala. 139; *Gayle v. Johnston*, 72 Ala. 254. An account becomes stated when a specified indebtedness is admitted to be correct. The mere admission of indebtedness alone will not render an account stated, but the admission must be the sum charged, and claimed to be due. The admission may be express, or it may arise by implication of law, as where an account is rendered to a debtor, and he retains it and makes no objection within a reasonable time.—*Nooe v. Garner*, 70 Ala. 443; *Burns v. Campbell*, 71 Ala. 271; *Hirschfelder v. Levy*, 69 Ala. 351; *Rice v. Schloss*, 90 Ala. 416; *Langdon v. Roane,* 6 Ala. 527; *Ryan v. Gross*, 48 Ala. 374; *Goodwin v. Harrison*, 6 Ala. 438.

These decisions of our own State are conclusive, that an account where there are debits and credits does not become stated, until there has been an adjustment, and an assent to the conclusion. In 1 Amer. & Eng. Encyc. of Law, page 110, it is said: "When two persons having had monetary transactions together close the account by agreeing to the balance, appearing to be due from one of them, this is called an account stated. It is of importance from the fact, that it operates as an admission of liability by the person against whom the balance appears; or in the language of the common law, 'the law implies that he against whom the balance appears, has engaged to pay it to the other,' and on this implied promise or admission an action may be brought. But if one of the parties does not agree to the balance, an action upon an account stated can not be maintained." And on page 113: "To make an account stated, there must be a mutual agreement between the parties as to the allowance of their respective claims, and to establish such an account * * there must be proof of assent to the account as rendered." In the case of *Volkening v. DeGraaf, et al.*, 81 New York 268, opinion by Folger, C. J., the principle is very fully and clearly stated. The court says: "This is strictly a cause of action on an account stated. To maintain the action as averred in the complaint the plaintiff must prove an account stated; that and nothing else will support his allegations. An account stated is an account balanced and rendered, with an assent to the balance, express or implied; so that the demand is essen-

[Loventhal & Son v. Morris.]

tially the same as if a promissory note had been given
for the balance. (*Bass v. Bass*, 8 Pick. 187.) The
emphatic words of a count upon an account stated were
in former days '*insimul computassent*,' that they, the
plaintiff and defendant, accounted together, and the
count went on to say, that on such accounting the defen-
dant was found in arrears and indebted to the plaintiff
in a sum named, and being so found in arrears, he under-
took and promised to pay the same to the plaintiffs. (2
Chitty Pl., 90 ; 1 Ib. 358.)" When suit is upon an ac-
count stated, no proof is required to show the correct-
ness of the items of the account. The recovery is upon
the assent to the balance, and the subsequent agreement
to pay that balance, as if upon a promissary note. As
was said in *Goodwin v. Harrison*, 6 Ala. 438, *supra*, "An
account is said to be open whenever there have been
running or current dealings between the parties which
are kept unclosed with the expectation of further trans-
actions between them. In such a case it is obvious that
the accounts are open." Now compare the account sued
upon, with the several counts of the complaint and ap-
ply the foregoing principles of law to the evidence.

There is no pretense that the account sued upon as a
stated account, or any other account at any time, show-
ing a balance of $155, or any account whatever of debits
and credits, showing any balance, was ever rendered to
the defendant, much less one either expressly or impliedly
assented to, and agreed to be paid by him. Balancing an
account on one's own books, done without the consent of
the other party, is not a stated account in law.—28 N. E.
Rep.27. The argument based upon the proposition that
the complaint does not aver any particular time when the
account was stated, but only when the balance claimed
was due, is too technical and strained. A complaint
upon an account stated, which did not aver when it was
stated, would be as defective as a suit upon a note which
failed to aver when it was made. The suit itself is upon
the express or implied promise to pay. The time when
the promise to pay was made is not the essence of the
promise, and it is not necessary to prove it strictly as
laid, but it is the subsequent agreement to pay which sus-
tains the cause of action. The suit is strictly upon a
stated account, and it must be proven as laid to autho-
rize a recovery. An indebtedness is not sufficient. The

defendant was not called upon to plead or prove pay-
ment, to defeat a recovery, unless the case made by the
complaint could be made out. The issue was whether
an account showing a balance, had been rendered to the
defendant and assented to by him. But independent of
this, the defendant was not called upon to introduce
evidence of payments which were admitted by the plain-
tiff to have been made and credited. It may be, as
stated in *Fitzpatrick v. Harris*, 8 Ala. 32, that where an
account is made out with debits and credits and presen-
ted to a debtor, he can not claim the credits without sub-
mitting to the debits, but this rule can not be so applied,
as to prevent a debtor from showing certain charges of
debits to be incorrect, without losing the benefit of the
creditor's evidence independent of the account, to the
effect, that the debtor had made certain payments which
were credited on the account. We do not see how this
question, or the questions of the applications of payments,
can arise upon the pleadings in this case. They are
principles applicable to suits upon open accounts. So
the principle declared in the case of *McCulloch v. Judd*,
20 Ala. 703, can not apply to the case at bar. In that
case, the complaint counted upon an open account,
and also on an account stated between the par-
ties. To the plea of the statute of limitation of
three years, the plaintiff replied that the parties
were merchants and the account between merchant
and merchant. Of course the statute of limitations of
three years was no answer to the count upon a stated
account. It was only available so far as the plea ap-
plied to an open account, but the replication being gener-
al, the plaintiffs were required to make it good. This
they failed to do. The evidence in fact showed that an
account had been stated between the parties and assented
to by the defendant.

It is said that the defendant "does not deny that bills
were rendered for every item of merchandise charged,
including those of January, February, April and June,
1887." The defendant's testimony on this point is as
follows : "The plaintiff never rendered to him any ac-
count against him for payment at any time or place, nor
was he informed of the amount claimed of him by plain-
tiff until this suit was brought. * * Did not know
what the account was; that he bought some goods in

August, 1887, about $130 ; that the bill was correct ; that he bought no goods in 1887 prior to August, that he got the bills every time, and never discovered any error in them." This language can not be construed into an admission that bills were rendered to him in January, February, April and June, 1887. He says he bought no goods prior to August. The statement, "that he got bills every time," certainly means that he got bills for the goods that he bought, but can not be construed to be an admission that he had bills rendered to him for goods which he denies having purchased, and of which he was never informed. But as said before, all these questions are eliminated from this case. The suit is not upon the original consideration, for goods sold, which requires proof of the items, but upon a subsequent promise and agreement to pay a balance for an account rendered. This the plaintiff has wholly failed to show. The plaintiff does not pretend that he ever made out a bill for the item of $24, or sent any statement containing such a charge to the defendant, and on the trial testified to its correctness as a proper charge, or item of the account, independent of any bill rendered or assent to such a charge, express or implied. We think it perfectly clear that the trial court did not err in holding that the plaintiff had failed to prove his case, and the judgment is affirmed.

HEAD, J., dissenting.—There are six counts in the complaint, each claiming $155, as due upon an account stated. The first is as follows, after properly stating the names of the parties in the caption : "The plaintiffs claim of the defendant one hundred and fifty-five dollars, due from him on account stated between the plaintiffs and defendant on the 18th day of March, 1888, which sum of money, with the interest thereon, is still unpaid. The account is verified by affidavit." Each of the others is in the same words, except that a different date on which the account was stated is given, and the averment that the account is verified by affidavit is omitted. The second avers the account was stated on the 7th day of June, 1887; the third, on the 6th day of August, 1887; the fourth, on the 8th day of August, 1887; the fifth, on the 15th day of November, 1887; and the sixth, on the 25th day of October, 1887. It will be observed

that neither of these counts states that the amount of the alleged account stated was $155. That is the sum sued for as *due on an account stated*, on the day named. It will not be denied, I apprehend, that, under either of these counts, if the plaintiffs proved, to the satisfaction of the jury, that, on the day specified, an account was stated between the parties showing an amount due the plaintiffs, (no defense being proven) the plaintiffs would be entitled to recover the amount of the stated account, not exceeding the sum sued for. The fact that the amount of the account, as actually stated, was more or less than the sum sued for, would create no obstacle to a recovery. If the amount was greater than the sum sued for, it may have been reduced by a subsequent payment, or the plaintiff may, of his own volition, remit the excess. In either case, the plaintiff could well declare and recover for a sum less than the account stated. So also, if he declares for a greater sum he may yet recover the sum proven. These principles are elementary and of every day application. If we apply to this case the strictest notions of pleading and evidence, holding the plaintiffs to a correspondence of allegations and proof, and concede that there is a failure of proof, or conflict in the evidence, in support of those counts which lay the account stated on March 18, 1888, June 7, 1887, and October 25, 1887, respectively, yet upon the undisputed evidence, as I conceive, the plaintiffs were entitled to the general affirmative charge in their favor on account of the three remaining counts. Let us see then what the record shows.

In the first place, the plaintiffs introduced in evidence, without objection, a sworn account in their favor against defendant, wherein the latter was debited with sundry bills or items of merchandise, on sundry days during the years 1886 and 1887, beginning with September 17, 1886, and ending with August 8, 1887; there being 17 of such bills, the smallest of which is for $7.75, and the largest for $228.92. There is also charged, on November 15, 1887, an item of cash for $24.86 The total amount of the account is $1,413.30. The defendant is then credited with many items of cash paid on the account, ranging from $5 to $160, and from September 17th, 1886, to December 17, 1888, aggregating $1,258.30, leaving a balance due plaintiffs of $155. This account,

it will be observed, does not present a case of "mutual accounts and reciprocal demands" between two persons, or "mutual accounts" between merchants. The dealing was simply that of sales of goods by the plaintiffs, upon which payments in cash were made by defendant. See *McCulloch v. Judd, Sons & Co.*, 20 Ala. 703 (709). There was, therefore, no item on the defendant's side, which it can be claimed was *open*, to impart to the account on plaintiffs' side the nature of an open account, if the latter was otherwise stated. This account, we have said, was verified and introduced without objection; hence, whether it be open or stated, each item of it, upon this proof, must be taken as correct, if there be no counter evidence of its incorrectness. Besides, Loventhal, one of the plaintiffs, testifies to the correctness of every item upon it. There is conflict in the evidence as to the correctness of the bills charged in January, February, April and June, 1887, arising from the statement in the defendant's testimony that "he bought no goods in 1887 prior to August;" but as to all the other charges there is no conflict whatever. Plaintiffs' evidence showing their correctness is in nowise denied. This establishes then, without dispute, the correctness of the charge for cash, $24.86, November 15, 1887. That item was, in its very nature, an account stated. There can be no such thing as an *open* account for money loaned, or money paid, where the transaction is such that the express agreement of the parties, or the law, fixes the time for its repayment, for the obvious reason that the money itself ascertains its own sum and fixes the exact measure of the creditor's recovery; and this nature can not be changed by entering it upon a book of accounts, or an account drawn off, no more than the nature of a promissory note can be changed by a like entry. It remains still a demand for money loaned or money paid. So much for this item. Excepting the items of January, February, April and June, 1887, there is, as I have said, no conflict in the evidence of the correctness of the account; and further, it is shown, without conflict or dispute, that for every bill of merchandise charged upon the account, the plaintiffs rendered to the defendant, at the time, a complete account thereof, which was retained by the defendant without objection. This fact is shown by the testimony of Loventhal, and not denied by the defendant.

The defendant himself testifies that bills were rendered of all the goods he bought; which admission, in view of the undisputed testimony that he bought all the goods charged upon the account, except those of January, February, April and June, 1887, applies to every item upon the account with that exception. But, as I said, he does not deny Loventhal's testimony that bills were rendered for every item of merchandise charged, including those of January, February, April and June, 1887. He expressly admits the item of August 5, 1887, for $129.67, and that the bill was correct. He states in his testimony that no account was ever rendered to him *for payment;* but that was not essential. If the bills were rendered merely to inform him what they were, and if retained, without objection, beyond a reasonable time for examination and response, they become as much stated accounts as if their rendition were accompanied by a demand for payment. Now, these facts being true, it is established, beyond all question, that each item charged upon the account became an account stated between the parties, and plaintiffs could have incorporated in their complaint as many counts as there are charges—a count for each charge—and with no other plea than those interposed in this case, they would have been entitled to recover upon every count, except those for the bills of January, February, April and June, 1887, which were in dispute, and, in consequence, were cases for the jury. This proposition is true, notwithstanding the undisputed fact that all these bills were paid, except $155, to be carved out of the last charges on the account, for the reason that, no plea of payment being interposed, evidence of payment can not be permitted to defeat a recovery—such evidence being admissible, under the general issue, only in mitigation of damages.—*McMillian v. Wallace*, 3 Stew. 185; 1 Suth. Dam., p. 260. In such case, where the entire demand is shown to have been paid, the plaintiff is entitled to recover nominal damages. To defeat the action by the defense of payment, it must be specially pleaded. Then what have we? 1. A count upon an account stated on August 5, 1887, sustained by the undisputed evidence that on that day an account was stated between the parties for $129.67, in plaintiffs' favor. 2. Account for August 8, 1887, with like proof, showing $8.35; and, 3. Account for Novem-

ber 15, 1887, with like proof, showing 24.86, in plaintiffs' favor ; upon all three of which plaintiffs were entitled to recover the aggregate sum of $155, with interest—that being the sum sued for. So far as these three items may be said to be affected by the preceding items of the account, the case is doubly hedged about in plaintiffs' favor. 1. As I have shown, every item on the account constituted a distinct account stated ; hence neither could impart to any other the character of an open account. 2. The three items were the last transactions, and so entered. The law applied the payments which were made ($1,258.30) to the satisfaction of the debits, in the order they were incurred and charged.—*Marks v. Robinson*, 82 Ala. 69 ; *Golden v. Conner*, 89 Ala. 598. This paid every item upon the account preceding the three in question, and a part of one of those. If it be said that some of those items were in dispute, and that the jury might have found that the defendant did not purchase the goods they call for, in consequence of which the admitted payments exceed the amount the defendant really owed, the answer is, the defendant, under the facts of this case, can claim no benefit of these payments, without, at the same time, admitting the correctness of the debit side of the account, for the reason that there is no evidence whatever of any payments, except the plaintiffs' admission of them by entering them as credits on the account they introduce. In such case, it is the settled rule that the debtor must take the account as a whole, or not at all.—*Fitzpatrick's Admr. v. Harris*, 8 Ala. 32. Indeed, it may well be inquired whether the defendant, by disputing some of the debits and offering no evidence of any payments, has not taken the admitted payments entirely out of the case, full independent proof of the debits being made by the plaintiffs.

From what I have said it results, obviously, that the plaintiffs were entitled to the general affirmative charge which was refused, as well as the second special charge. I do not consider whether the first special charge they requested was abstract or not. The charge given for the defendant is, to my mind, clearly erroneous. Unquestionably, the jury believed, from this charge, that it was essential for the plaintiffs to prove that an account for $155—the amount sued for—had been stated between the parties. That is certainly not the law. The amount

as actually stated may have been more or less than the sum sued for, and yet a recovery be had.

I have considered this case according to very strict rules of pleading and practice in favor of the defendant. I have, in a measure, laid aside the rule that, in general, "allegations of number, magnitude, quantity, value, time, sums of money and the like," as Greenleaf puts it, need not be proved as laid ; and have left out of view the exceeding liberality which the law, as adjudged in this State, indulges in support of actions on the common counts. Illustrating that liberality, a recovery may be had on a promissory note in an action upon an account stated.—1 Brick. Dig., p. 148, § 199. In a case where the declaration showed that the account was stated after the issuance of the writ, under the old practice, a demurrer for this cause was held bad. The court treated the allegation of time as immaterial, and said all that was necessary to show was that the account received the assent of both parties, which was the essential matter. *Carlisle v. Davis*, 9 Ala. 858. In a simple action upon account, in the Code form, a recovery may be had upon proof of an account stated. So firmly is this the rule, that a plea of the statute of limitations of three years to such an action is bad on demurrer, unless it avers that the demand sued for is an open account.—2 Brick. Dig, 226, § 129. In truth, in all cases where money is due as upon an assumpsit, even in cases of special contracts where nothing remains to be done but the payment of money, the flexible common counts may be used to promote justice by doing away with technical averments and proof. They bring out and enforce the essence of the rights of the parties, shorn of technicalities. Such being their office, can it well be doubted that, upon one common count upon account stated, although a single time be averred, a recovery may be had for the aggregate of sums due upon sundry accounts stated, at different times, before suit brought; or a recovery be had upon an account stated at a different time, and for a different sum from those alleged? If not, then where, I inquire, is the possible obstacle to the plaintiffs' recovery in this case?

I am of opinion the judgment of the circuit court should be reversed and the cause remanded.